```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LAURA JONES,                                                :
                                                            :
                          Plaintiff,                        :
                                                            :
         -v-                                                :
                                                            :
FUND FOR THE CITY OF NEW YORK,                              :
INC., et al.,                                               :
                                                            :
                          Defendants.                       :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/22/2024

**ORDER FOR CONFERENCE PURSUANT TO RULE 16**

22-CV-9711 (JHR) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

The Court shall hold an initial case management conference in accordance with Fed. R. Civ. P. 16(a), on **March 7, 2024**, at **11:00 a.m.** by telephone. Counsel should contact chambers using the Court's conference line, (877) 873-8017 (Access Code: 5277586).

In preparation for and while engaging in a teleconference, please follow these guidelines:

1. Use a landline whenever possible.
2. Use handset rather than speakerphone.
3. Identify yourself each time you speak.
4. Be mindful that, unlike in a courtroom setting, interrupting can render both speakers unintelligible.
5. Mute when not speaking to eliminate background noise and prevent interruptions.
6. Avoid voice-activated systems that don't allow speaker to know when someone else is trying to speak and they cut off the beginning of words.

Upon receipt of this order, counsel are directed to confirm with all other counsel that each party to this proceeding has received a copy of this order. Please

1

note that the Federal Rules of Civil Procedure require the parties to confer before this conference to discuss the matters set forth in Fed. R. Civ. P. 26(f).  Additionally, the parties must exchange initial disclosures required by Fed. R. Civ. P. 26(a)(1) <u>in advance of the conference</u>.  Finally, <u>counsel of record must attend the conference.</u>  If counsel of record has not filed a notice of appearance, they must do so by the date of the conference.

At the case management conference, the parties must be prepared to discuss the subjects set forth in subdivisions (b) and (c) of Rule 16.  To fulfill the requirement of Fed. R. Civ. P. 26(f) that the parties submit a proposed discovery plan, the parties shall send by email (to CottNYSDChambers@nysd.uscourts.gov), <u>no later than **two business days** before the initial case management conference</u>, a "Proposed Scheduling Order," in a Word document format, containing the case caption and the following information:

1. the date of the conference and the appearances for the parties; including the individual attorney's name, the law firm's name, the party(ies) represented, business address, and business phone number;
2. a concise statement of the issues as they then appear;
3. a proposed schedule including:
    a. the deadline by which the parties may move to amend the pleadings or join any other parties;
    b. dates for document requests and initial interrogatories;
    c. the names of non-expert witnesses expected at this time to be deposed and either specific dates or a timetable for when depositions will take place;
    d. a date by which all non-expert discovery shall be completed;

    e.    dates by which the disclosures of the identities and reports of experts required by Rule 26(a)(2) will be made;

    f.    the date by which depositions of experts shall be completed;

    g.    the date by which pretrial motions, if any, will be filed; or, if no such motions are contemplated, the date by which plaintiff will supply pretrial order materials to defendants; and the date by which the parties will submit a joint pretrial order in accordance with procedures of the undersigned;

4. a statement of any limitations to be placed on discovery, including any protective or confidentiality orders (including any order pursuant to Rule 502 of the Federal Rules of Evidence);

5. a statement of those discovery issues, if any, as to which the parties, after a good faith effort, have been unable to reach an agreement;

6. anticipated fields of expert testimony, if any;

7. anticipated length of trial and whether, and by whom, a jury has been requested;

8. (a) an approximate date or stage of the case when the parties believe it would be most helpful to engage in settlement discussions and (b) whether the parties would like to discuss settlement at such time under the supervision of a private mediator, a mediator from the SDNY Mediation Program, or the undersigned;

9. the following paragraph reproduced verbatim:

"All discovery (including requests for admission and any applications to the Court with respect to the conduct of discovery) must be initiated in time to be concluded by the deadline for all discovery. Any contention that a party has not responded properly to a discovery request must be brought to the Court's attention immediately and in accordance with the Court's Individual Practices. Any application for an extension of the time limitations herein must be made as soon as the cause for the extension becomes known to the party making the application. The application also must state the position of all other parties on the proposed extension and must show good cause therefor not foreseeable as of the date of this Order. 'Good cause' as used in

3

>this paragraph does not include circumstances within the control of counsel or the party.  Any application not in compliance with this paragraph will be denied.  Failure to comply with the terms of this Order may also result in sanctions.";

10. a signature line for the undersigned.

When contemplating the proposed discovery schedule, the parties are to do so in light of the December 1, 2015 amendment to Fed. R. Civ. P. 26(b), which requires that the scope of discovery be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  To the extent the parties disagree on the dates or other terms of the proposed schedule, such disagreement may be noted in the document.  In addition, prior to submitting their case management plan, the parties are directed to discuss whether they will be taking depositions remotely or in person, or some combination, and should indicate as much in the proposed case management plan.

<u>Any application for a change in the date of the conference must be made by letter-motion filed on ECF within ten days of this order</u>, unless there is good cause justifying a later application.  Prior to requesting an adjournment, the party making the request should contact the Deputy Clerk, David Tam, David_Tam@nysd.uscourts.gov, to determine alternative dates on which the Court is available for a rescheduled court appearance.  The party must then request an

4

adjournment by letter-motion that includes (1) a statement as to all other parties' positions on the proposed change in date and (2) a proposal for an alternative date for the conference (as provided by the Deputy Clerk) for which all parties are available.

Finally, the parties are directed to consult the Court's Individual Rules available on the Southern District of New York's website.

**SO ORDERED.**

Dated: February 22, 2024
      New York, New York

_____
JAMES L. COTT
United States Magistrate Judge